## Kelly v. Cottman Realty Company (et al., Appellant).

Argued April 16, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Elihu A. Greenhouse,* with him *J. Maxwell Russell,* for appellant.

*Roy Pressman,* for appellee.

OPINION BY MR. JUSTICE JONES, May 21, 1951:

The personal defendant appeals, with stipulated binding effect on the corporate defendant, from a decree of the court below requiring them to "remove the stone walls in front of premises 3542 Vista Street, Philadelphia, and the cement walk leading from the sidewalk on Vista Street to the entrance door of the basement of the said premises, and restore the grass plot in front of the premises to its condition prior to the making of the alterations . . ." and further enjoining them "from conducting either openly or covertly, a real estate and mortgage business, or any other type of business, on premises 3542 Vista Street, Philadelphia . . . ." The corporate defendant is the owner of the premises and the personal defendant its cooperative tenant.

The decree was the logical consequence of the learned chancellor's findings of fact that the defendant had violated certain restrictions in the deed for the described property. The pertinent restrictions were (1) A front wall set back at least thirty feet "provided however, that porches, steps, bay windows and cornices may be erected within the said restricted spaces"; (2) "That the buildings to be erected . . . shall be . . . private dwelling houses . . ."; (3) "That no building . . . shall at any time hereafter forever, be altered or changed into or used for any other purpose than as above designated"; and (4) "Subject to the further restriction that the said premises shall not be built any further front than now erected."

The chancellor's findings are fully supported by the evidence and well justify his ultimate conclusion of fact that "The nature of the alteration, the defendants' preparation for its use, the building of a cement walk at street level, the transfer of the real estate business from 4234 Salem Street to 3542 Vista Street were noth-

ing more than facilities intended for the conduct of a real estate and mortgage business." On exceptions to the findings, they were confirmed by the court en banc, including the finding that the defendant Nuss' "testimony that the alteration was made for the purpose of constructing a recreation room is incredible."

There can be no question as to the plaintiff's right to injunctive relief. Nor does the relief granted exceed the requirements of the case. With full knowledge, the defendants deliberately went ahead in open defiance of the deed restrictions. There is no reason why they should not restore the property to its former condition. The only purpose of the retaining walls extending out from the basement wall of the house was to protect from slides the depressed cement walk through the terrace at sidewalk level, and the only purpose of the walk was to afford access from the street to the basement of the house for the use of the room there located in violation of the deed restrictions. The deception and lack of good faith on the part of the defendants deprive them of any right to ask that the portion of the decree requiring restoration of the property to its *status quo ante* be eased.

Decree affirmed at appellant's costs.